```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
M.R., et al.,                                               :
                                    Plaintiffs,             :
                                                            :     21 Civ. 6668 (LGS)
            -against-                                       :
                                                            :     OPINION AND ORDER
NEW YORK CITY DEPARTMENT OF                                 :
EDUCATION,                                                  :
                                    Defendant.              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff brings this action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), requesting fees and costs totaling $64,315.00 -- $32,240.00 for the underlying administrative action and $32,075.00 for this civil action seeking attorneys' fees. Defendant New York City Department of Education ("DOE" or the "City") opposes, arguing that Plaintiff's counsel billed excessive numbers of hours at excessive rates and that Plaintiff should not be awarded fees for work post-dating Defendants formal written offer of settlement. Defendant does not dispute that Plaintiff is the "prevailing party" entitled to recover under IDEA. For the reasons below, Plaintiff's counsel is awarded $40,771.00, consisting of (1) $20,914.00 in attorneys' fees for the administrative proceeding; (2) $19,455.00 in attorneys' fees for this proceeding and (3) $402.00 in filing fees.

I.  BACKGROUND

Plaintiff M.R. is the parent of J.R., a child with a disability as defined under the IDEA. On or around June 19, 2019, Plaintiff retained the Law Office of Steven Alizio, PLLC ("Alizio")

-- a law firm specializing in IDEA cases -- to bring claims against the City for failing to provide a free and appropriate public education ("FAPE").

Alizio worked with Plaintiff to identify an appropriate therapeutic school for J.R. and submitted a 10-day Notice of the City's failure to provide FAPE for the 2019-2020 school year. After notifying the City of her intent, Plaintiff enrolled J.R. at Stevenson, a private school with therapeutic support, for the 2019-2020 school year. Plaintiff did not receive any substantive response back from the City. Plaintiff re-enrolled J.R. at Stevenson for the 2020-2021 school year and filed another 10-day Notice regarding the City's failure to provide FAPE for the 2020-2021 school year.

On June 29, 2020, Plaintiff filed a due process complaint ("DPC") alleging the DOE had failed to offer J.R. a FAPE for the school years from 2014-2015 to 2020-2021. The DPC sought a final order requiring the DOE (1) to fund J.R.'s tuition at Stevenson for the 2019-2020 school year and for the 12-month 2020-2021 school year and (2) to fund compensatory educational services in the form of 600 hours of one-on-one multisensory tutoring by EBL Coaching, or a similarly qualified tutor at an enhanced rate.

The administrative hearing was held on September 10, 2020. Prior to the hearing, Plaintiff submitted affidavits of testimony for two of Plaintiff's witnesses, Dr. Levy and Dr. Farina, in lieu of a live testimony on the day of the hearing. At the administrative hearing, Defendant cross-examined Dr. Farina only. Plaintiff also had planned to call Dr. Royzman as an additional witness at the hearing but elected not to because the IHO indicated that it would be unnecessary. Defendant presented one witness at the hearing, Ms. Panaligan, who Plaintiff also cross-examined. The hearing lasted for about two hours.

After the administrative hearing, the Impartial Hearing Officer issued her Findings of Fact and Decision concluding that the DOE had failed to meet its burden to establish that DOE had offered J.R. a FAPE and granting Plaintiff's requested relief in full.

Alizio emailed Defendant a request for attorneys' fees. The DOE attorney conveyed a settlement offer, which Alizio found unreasonable and rejected. Alizio commenced this action, seeking $32,240.00 for the underlying administrative action and $32,075.00 for this action. Below is a table of Plaintiff's requested hourly rate and billable hours.

Plaintiff's Hours and Rates Submitted for the Administrative Proceeding

|  | Hours | Rate ($) | Total (Hours x Rate) |
| --- | --- | --- | --- |
| Steven Alizio | 3.6 | 375 | $1,350.00 |
| Steven Alizio | 25.6 | 400 | $10,240.00 |
| Justin Shane | 11.2 | 375 | $4,200.00 |
| Jennifer Gemmell | 46.7 | 350 | $16,345.00 |
| Dianne Ho | 0.7 | 150 | $105.00 |
| Total | 87.8 |  | $32,240.00 |

Plaintiff's Hours and Rates Submitted for This Action

|  | Hours | Rate ($) | Total (Hours x Rate) |
| --- | --- | --- | --- |
| Steven Alizio | 21.6 | 400 | $8,640.00 |
| Justin Shane | 33.5 | 375 | $12,562.50 |
| Dianne Ho | 7.1 | 150 | $1,065.00 |
| Total | 62.2 |  | $22,267.50 |

II.     **LEGAL STANDARD**

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and

3

quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C).  "[T]he court may award fees for work on the fee application itself." *G.T. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 11262, 2020 WL 1516403, at *3 (S.D.N.Y. Feb. 12, 2020) (quotation marks omitted).  To calculate a "presumptively reasonable fee," a district court determines the appropriate billable hours expended and sets a reasonable hourly rate.  *Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019); *accord H.W. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10591, 2022 WL 541347, at *2 (S.D.N.Y. Feb. 23, 2022).  In determining this, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008); *accord N.G.B. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6571, 2022 WL 800855, at *2 (S.D.N.Y. Mar. 16, 2022).  "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection."  *Fox v. Vice*, 563 U.S. 826, 838 (2011); *accord N.G.B,* 2022 WL 800855, at *2.  "A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application."  *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quotation marks omitted); *accord N.G.B,* 2022 WL 800855, at *2.

### III.  DISCUSSION

#### a.  Billing Rates

The determination of a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."  *Townsend v. Benjamin Enters.,*

*Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quotation marks omitted); *accord N.G.B,* 2022 WL 800855, at *3. Courts must also consider the *Johnson* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989); *accord M.D. v. N.Y.C. Dep't of Educ.*, No. 20 Civ 6060, 2021 WL 3030053, at *2 (S.D.N.Y. July 16, 2021).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 186 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This calculation, referred to as the "lodestar," yields a "presumptively reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citations and internal quotation marks omitted); *accord H.A. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10785, 2022 WL 580772, at *3 (S.D.N.Y. Feb. 25, 2022).

### 1. Attorney Steven J. Alizio

Plaintiff seeks rates of $375 per hour for the work principal Mr. Alizio performed prior to May 13, 2020, and $400 per hour for his work on or after May 13, 2020. Mr. Alizio justifies the initial rate of $375 by, among other things, pointing to his position as a principal partner of his law firm, which specializes in special education. He represents that his rate was determined by taking the average of the hourly rates his worked was billed at in his two prior positions, which were respectively $300 and $450 per hour. He later increased his rate to $400 in 2020 to account

5

for his additional experience and skill and inflation.  The City argues that Mr. Alizio's reasonable hourly rate is $225 per hour because the case was a simple administrative proceeding that was minimally opposed by the City.  Mr. Alizio is a 2017 graduate of Michigan Law School and a former New York State public school teacher with experience litigating IDEA cases in New York City.

Mr. Alizio's reasonable hourly rate is $275 for his work before May 13, 2020, and $325 for his work after May 13, 2020.  The underlying substantive issue at the administrative hearing was not particularly complex as evidenced by the fact that the hearing lasted less than two hours and Defendant produced only one witness.  While Plaintiff contends that J.R. presented unique facts, this case did not involve novel legal questions.  Although Plaintiff's counsel emphasizes that he is the principal attorney at his firm and that he had to turn away other cases to litigate this case, he is an attorney with seven years of litigation experience.  *See, e.g.*, *R.G. v. NYC Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *3 (S.D.N.Y. Sept. 26, 2019) ($300 per hour for attorney Rothenberg who had about 7 years of experience with IDEA litigation and the hearing was uncontested); *M.H. v. NYC Dep't of Educ.*, No. 20 Civ. 1923, 2021 WL 4804031, at *14 (S.D.N.Y. Oct. 13, 2021) ($280 per hour for attorney Coretti who had about 8 years of general litigation and 6 years of IDEA litigation experience).  Based on the *Johnson* factors, and accounting for inflation, the Court finds that Mr. Alizio's reasonable rate is $300 for his work before May 13, 2020, and $325 for his work after May 13, 2020.

    **2. Attorney Justin B. Shane**

Plaintiff seeks a rate of $375 per hour for Attorney Justin B. Shane.  Mr. Shane has a total of fifteen years of general litigation experience and entered the field of special education law in 2017.  He spent three years as a public school teacher and has litigated numerous IDEA cases in

substantive hearings on the merits. The City argues that Mr. Shane's reasonable rate is $300 per hour.

Mr. Shane's reasonable rate is $350. "Courts in this district have awarded . . . attorneys with [10-20 years of IDEA litigation experience], around $350 per hour in cases such as this one, in which certain issues before the IHO were uncontested, the hearing was relatively short, and the defendant introduced no documentary evidence and few, if any, witnesses." *N.G.B.,* 2022 WL 800855, at *3 (setting reasonable attorneys' fees as $400 for IDEA attorneys with almost twenty years of experience) (collecting cases). Although Mr. Shane has only five years of special education and IDEA litigation experience, he has been a practicing attorney for over fifteen years, which "warrant[s] a higher hourly rate than is typically awarded to [other attorneys of similar seniority] in IDEA litigation." *H.C. v. N.Y.C. Dep't of Educ.*, 2021 WL 2471195, at *5 (S.D.N.Y., Jun. 17, 2021). Considering the *Johnson* factors, including the complexity of the case and the attorney's customary rate and experience, a rate of $350 is reasonable.

### 3. Attorney Jennifer Gemmell

Plaintiff seeks a rate of $350 per hour for Attorney Jennifer Gemmell. Attorney Jennifer Gemmell graduated law school in 2015 and practiced education law for four years. The City contends that she should be assigned an hourly rate of no more than $200 per hour. Based on the hourly rates of attorneys with similar level of experience, Ms. Gemmel's reasonable hourly rate for her work from year 2020 is $275 per hour. *See, e.g.*, *N.G.B.,* 2022 WL 800855, at *4 (awarding $300 to counsel who was admitted to practice in 2013 and practiced special education litigation since 2015); *H.C.*, 2021 WL 2471195, at *6 ("For associates with three or fewer years of experience in IDEA litigation, courts in this District have typically approved rates of $150-$275."). This rate is same as Mr. Alizio's rate before May 13, 2020 because in 2020 -- the year

7

in which Ms. Gemmel billed all her hours -- Ms. Gemmel and Mr. Alizio had roughly the same number of years of experience practicing special education law. This rate is also justified by the fact that the substantive issue at the administrative hearing was not particularly complex.

   4. **Paralegal Dianne Ho**

Plaintiff is seeking a rate of $150 per hour for Ms. Ho, and Defendants argue she should be assigned a rate of $100 per hour. "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G.*, 2019 WL 4735050, at *3. "Paralegals with evidence of specialized qualifications typically receive $120- or $125-per-hour." *C.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7337, 2019 WL 3162177, at *9 (S.D.N.Y. July 2, 2019). "Where plaintiffs have failed to provide evidence showing that a paralegal has special qualifications in the form of formal paralegal training, licenses, degrees, or certifications or longer paralegal experience, courts have typically awarded fees at the lower rate of $100-per-hour for that paralegal." *Id.* (internal quotation marks omitted). Because Plaintiff has not provided evidence of specialized qualifications and because the case is not particularly complex, the reasonable rate for Ms. Ho is $100 per hour.

   b. **Hours Reasonably Expended**

A fee award should compensate only those hours that were "reasonably expended" by the attorneys on this case. *See, e.g., McDonald*, 450 F.3d at 96; *accord H.C*, 2021 WL 2471195, at *7. "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *accord H.C.*, 2021 WL 2471195, at *7. In making this determination, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case

8

effectively." *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting *Arbor Hill*, 522 F.3d at 184). However, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B*, 2019 WL 3162177, at *5 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). "[A] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald*, 450 F.3d at 96).

1. **Administrative Proceeding**

Plaintiff requests compensation for 87.8 hours of Alizio's work on the administrative proceeding. The City seeks a fifty percent reduction alleging excessive billing. The City argues, among others things, that Plaintiff has billed excessive hours to draft a fifteen-page DPC and prepare for a two-hour hearing. The City also argues that the numerous 0.1-hour entries were unreasonable. Based on the review of Alizio's timekeeping records, the Court finds that a twenty-percent reduction of hours billed, for a total of 70.24 hours, would achieve "rough justice" in this case. *See S.J.*, 2021 WL 100501, at *4 (finding that the reasonable number of hours expended for an administrative hearing -- which lasted for less than two hours and had no witness presented -- is about 56 hours). The reduction is largely to readjust the large number of hours billed by multiple attorneys to draft a fifteen-page DPC and to prepare for and conduct a two-hour hearing that included live testimony from two witnesses.

2. **Federal Court Litigation**

Plaintiff requests compensation for 62.2 hours of Alizio's work in this proceeding. The civil action is limited to the issue of the reasonable amount of fees and costs that Plaintiff's

attorneys should be paid for prevailing on behalf of Plaintiff in a minimally contested proceeding.

The Court has previously found 56 hours to be a reasonable number of hours billed for a similar civil action seeking attorneys' fees under IDEA. *See S.J*, 2021 WL 100501, at *5 (adopting a portion of the Report and Recommendation reducing the reasonable number of hours for federal litigation from 112 hours to 56 hours). Given the similarities of the two actions, the Court finds Plaintiff's request for compensation for 62.2 hours to be reasonable.

### c. Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)). Plaintiff seeks to recover costs for federal court filing fee. The $402.00 filing fee, which is uncontested, is also awarded.

### d. Summary

Below is a summary of reasonable attorneys' fees awarded.

Reasonable Attorneys' Fees Awarded for the Administrative Proceeding

|  | Hours | Rate ($) | Total (Hours x Rate) |
|---|---|---|---|
| Steven Alizio | 3.6 x 0.8 | 275 | $792.00 |
| Steven Alizio | 25.6 x 0.8 | 325 | $6,656.00 |
| Justin Shane | 11.2 x 0.8 | 350 | $3,136.00 |
| Jennifer Gemmell | 46.7 x 0.8 | 275 | $10,274.00 |
| Dianne Ho | 0.7 x 0.8 | 100 | $56.00 |
| Total | 87.8 x 0.8 |  | $20,914.00 |

Reasonable Attorneys' Fees Awarded for the Federal Civil Action

|  | Hours | Rate ($) | Total (Hours x Rate) |
|---|---|---|---|
| Steven Alizio | 21.6 | 325 | $7,020.00 |

| Justin Shane | 33.5 | 350 | $11,725.00 |
| Dianne Ho | 7.1 | 100 | $710.00 |
| Total | 62.2 | | $19,455.00 |

Civil Action Filing Fee: $402.00

### D. Post- Judgement Interest

Under 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration in original); *accord S.J..*, 2021 WL 100501, at *5. The Plaintiff's request for an award of post-judgment interest from the date judgment is granted.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff is awarded $40,771.00, consisting of (1) $20,914.00 in attorneys' fees for the administrative proceeding before Defendant; (2) $19,455.00 in attorneys' fees for this proceeding; and (3) $402.00 in filing fees. Plaintiff is awarded post-judgment interest on this amount, calculated at the applicable statutory rate. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 21.

Dated: August 4, 2022
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

11